**UNITED STATES DISTRICT COURT**
**EASTERN DIVISION OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CRYSTAL HARTMAN, et al., ) | |
| ) | |
| Plaintiffs(s), ) | |
| ) | |
| vs. ) | Case No. 1:20-cv-00050-SRC |
| ) | |
| NEW MADRID COUNTY R-1 SCHOOL ) | |
| DISTRICT, et al., ) | |
| ) | |
| Defendant(s). ) | |

## Memorandum and Order

The Court considers the parties' Motion for Substitution of Parties [40], Motions for Court Approval of Minors' Settlement [32] [33], and Motion to Seal Document [35]. The Court held a hearing on these motions on January 26, 2021.

### I. Facts and Background

Plaintiffs Crystal Hartman, et al., filed this action against Defendants for violations of Title IX, violations of 20 U.S.C. § 1983, assault, battery, and infliction of emotional distress. Plaintiffs claim that Defendant Ryan Mitchell Blocker, an employee of Defendant New Madrid County R-1 School District, sexually harassed and assaulted them at school between 2016 and 2018, when they were still minors. Of the six minors in question, three have reached the age of majority and bring this action on their own behalf. The other three minors, J.J., E.M., and S.F., bring this action as Minor Plaintiffs with the help of their court-appointed Next Friends: Florence Johnson, Destiny McSpadden, and Kyra Young, respectively.

Defendant New Madrid County R-1 School District is a public school, so its activities and documents are subject to public disclosure under Missouri law. *See* Mo. Rev. Stat § 610.021(1). The parties settled this action in mediation on October 13, 2020. Doc. 29.

## II.     Discussion

Plaintiffs seek to substitute as parties Florence Johnson, Destiny McSpadden, and Kyra Young, in their capacity as conservators for minor Plaintiffs, J.J., E.M., and S.F.  The parties also seek court approval of the minor settlement and a court order sealing and closing the settlement agreement.

### A.     Motion for Substitution of Parties [40]

The Court grants in part Plaintiffs' Motion for Substitution of Parties.  The Court substitutes Florence Johnson, Conservator, in place of Florence Johnson, Next Friend of J.J.; Destiny McSpadden, Conservator, in place of Destiny McSpadden, Next Friend of E.M.; and Kyra Young, Conservator, in place of Kyra Young, Next Friend S.F.  The Court discharges Florence Johnson, Destiny McSpadden, and Kyra Young, in their capacity as Next Friends.  The Court also recognizes that A.H. has reached the age of majority as of December 29, 2021, so she can bring this action in her own right.  Therefore, the Court discharges Crystal Hartman, Next Friend of A.H. in her capacity as Next Friend.  To the extent the motion seeks other relief, the Court denies it.

### B.     Motions for Court Approval of Minors' Settlement [32] [33]

The parties filed two motions for Court Approval of Minors' Settlement, and the Court will consider the motions together.  Mo. Rev. Stat. § 507.184 contains the requirements for settlement of a minor's claims.  *Y.W. By and Through Smith v. National Super Markets, Inc.*, 876 S.W.2d 785, 787 (Mo. Ct. App. 1994).  The statute intends "to maximize the protection afforded a minor's legal action and [ensure] that any settlement is in the best interest of the child." *Fiegener v. Freeman–Oak Hill Health Sys.*, 996 S.W.2d 767, 774 (Mo. Ct. App. 1999).  In reviewing a proposed settlement, the court must keep in mind that minors are considered wards

of the court and their rights must be "jealously guarded as provided by statute." *Y.W.*, 876 S.W.2d at 788.

When an action involves a minor Plaintiff, the minor's next friend, guardian ad litem, guardian, or conservator ("representative") may contract to settle the minor's claim upon court approval. Mo. Rev. Stat. § 507.184(2). The settlement is not effective until approved by the court. Mo. Rev. Stat. § 507.184(2). The minor's representative also has the power and authority to execute and sign a release or satisfaction and discharge of judgment, which is binding upon the minor, provided that the Court orders the execution of such release and satisfaction and discharge and judgment. Mo. Rev. Stat. § 507.184(3).

The Court has authority to (1) hear evidence and either approve or disapprove the proposed contract to settle an action on behalf of the minor; (2) authorize and order the minor's representative to execute and sign a release or satisfaction and discharge of judgment; (3) approve a fee contract between the representative and an attorney and order the representative to pay attorney's fees and expenses, which have been reasonably incurred in the preparation and prosecution of the action including the cost of any required bonds. Mo. Rev. Stat. § 507.184(3).

The Court has heard testimony from the minors' representatives in this matter and reviewed the terms of the proposed Settlement Agreement and Release. Plaintiffs' attorney has explained the terms of the settlement agreement to Minor Plaintiffs J.J., E.M., and S.F., as well as to their natural mothers and conservators, Florence Johnson, Destiny McSpadden, and Kyra Young, who all understand, fully comprehend, and agree to the terms and conditions in the Settlement Agreement and Release. All parties involved have knowingly waived their rights to a bench or jury trial by entering the settlement agreement.

3

Based on the record, the Court finds that the terms and conditions of the proposed settlement are reasonable and in the best interests of Minor Plaintiffs J.J., E.M., and S.F.. The Court grants the parties' Motions for Court Approval of Minors' Settlement [32] [33] and hereby approves the Settlement Agreement and Release in its entirety.

The Court finds that Conservators Florence Johnson, Destiny McSpadden, and Kyra Young have the authority to execute the Settlement Agreement and Release on behalf of Minor Plaintiffs J.J., E.M., and S.F.  The Court orders Plaintiffs to execute such settlement documents as are reasonably required by Defendants or their insurers, including filing a stipulated dismissal with prejudice of all claims in this matter within 10 calendar days of receiving the settlement funds. Florence Johnson, Destiny McSpadden, and Kyra Young will receive the settlement funds in their capacity as conservators for J.J., E.M., and S.F., under supervision of the New Madrid County Probate Court.

Within 30 days of this order, Defendants will direct the amounts of the settlement proceeds as follows:

1. The amounts specified in the Settlement Agreement and Release for minor Plaintiffs J.J., E.M., and S.F. shall be paid directly to minor Plaintiffs' Conservators Florence Johnson, Destiny McSpadden, and Kyra Young respectively;

2. Pursuant to duly authorized professional employment agreements, Gray, Ritter and Graham, P.C. shall be paid attorneys' fees as set forth in the Settlement Agreement and Release.

Each party will bear their own attorneys' fees and costs, with the sole exception that Defendants are to bear the costs of mediation, which Defendants have already paid.

    **C.**    **Motion to Seal Document [35]**

Finally, the parties filed a Motion to Seal the settlement agreement on the judicial record, as well as close the document under Missouri's Sunshine Law, Mo. Rev. Stat § 610.021(1). The federal courts recognize a common law right of access to judicial records in civil proceedings. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223.

During the hearing, Plaintiffs asked the Court for leave to file a redacted version of the settlement agreement that would conceal only the Minor Plaintiffs' full legal names. Plaintiffs would still file a complete version of the settlement agreement under the Court's seal. Finding that this arrangement adequately respects the common-law right of access to the judicial record while maintaining the Minor Plaintiffs' privacy, the Court grants the parties' Motion to Seal [35], in part. Plaintiffs must file the complete settlement agreement under seal of the Court. Plaintiffs must also file a copy of the settlement agreement in the public judicial record, after redacting the full legal names of the Minor Plaintiffs.

The parties also request that the Court close the settlement agreement under section 610.011 because the case involves allegations "of an extremely sensitive nature" and "placement of the settlement agreement in public hands would allow Plaintiffs' identities to be matched to their allegations in their Complaint." Mo. Rev. Stat § 610.021(1) provides a narrow exception to public disclosure:

> Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to close meetings, records and votes, to the extent they relate to the following: (1) Legal actions, causes of action or litigation involving a public governmental body and any confidential or privileged communications between a public governmental body or its

5

>representatives and its attorneys. However, any minutes, vote or settlement agreement relating to legal actions, causes of action or litigation involving a public governmental body or any agent or entity representing its interests or acting on its behalf or with its authority, including any insurance company acting on behalf of a public government body as its insured, shall be made public upon final disposition of the matter voted upon or upon the signing by the parties of the settlement agreement, *unless, prior to final disposition, the settlement agreement is ordered closed by a court after a written finding that the adverse impact to a plaintiff or plaintiffs to the action clearly outweighs the public policy considerations of section 610.011*, however, the amount of any moneys paid by, or on behalf of, the public governmental body shall be disclosed; . . .

Mo. Rev. Stat § 610.021 (emphasis added). Section 610.011 instructs that section 610.021 should be "liberally construed" and any exceptions to disclosure "strictly construed to promote this public policy." Mo. Rev. Stat § 610.011; § 610.021.

In its analysis under section 610.011, "The trial court is to balance the public's interest in access against the interest in protecting minors from the public dissemination of hurtful information." *Boyce v. Moberly Public Sch. Dist.*, 2007 WL 1378427 at *1 (E.D. Mo. 2007). This Court recently considered a similar motion in *Doe 6 v. St. Louis Charter Sch.*, 2020 WL 3868902, at *3 (E.D. Mo. 2020), finding that the potential adverse impact on the minor plaintiff justified redacting all identifying information in the settlement agreement, including the case name and number.

Based on the parties' pleadings and testimony, the Court denies the parties' motion [35] to close the entire settlement agreement under Mo. Rev. Stat § 610.021. But the Court orders Defendant New Madrid County R-1 School District to produce only redacted copies upon request under the Sunshine Law. The settlement agreement involves highly sensitive information involving minors, that if made public, would have an adverse impact on the Minor Plaintiffs. The Court finds that, despite Plaintiffs' use of pseudonyms in the pleadings, the specific facts and allegations in the judicial record would remain attributable to the Minor Plaintiffs, particularly because the Settlement Agreement uses the Minor Plaintiffs' full legal

6

names, their mothers' names, and a case number and case name. These details would allow a third party who receives the settlement agreement through a Sunshine Law request to identify the Minor Plaintiffs with the allegations made in this case. In the interest of protecting the privacy of the Minor Plaintiffs, the Court orders that, upon receiving a request under the Sunshine Law, Defendant New Madrid County R-1 School District will redact the names and initials of the Minor Plaintiffs and their mothers, as well as the case name and number.

Accordingly,

The Court grants in part Plaintiff's Motion for Substitution of Parties [40], and discharges Florence Johnson, Destiny McSpadden, Kyra Young, and Crystal Hartman in their capacities as Next Friends.

The Court grants the parties' motions for Court Approval of Minors' Settlement [32] [33] and hereby approves the Settlement Agreement and Release in its entirety. Upon execution of the Settlement Agreement and Release, Defendants must issue the full settlement amounts and attorney's fees in accordance with the agreement no later than February 28, 2021. Plaintiffs must file a stipulated dismissal with prejudice of all claims in this matter within 10 calendar days of receiving the settlement funds.

The Court grants, in part, and denies, in part, the parties' Motion to Seal Document [35]. Plaintiffs must file the settlement agreement under seal with the Court but also must file a public copy redacting the full legal names of the Minor Plaintiffs. Upon proper request under the Missouri Sunshine Law, Defendant School District must produce the settlement agreement but redact the names and initials of the Minor Plaintiffs and their mothers, as well as the case name and number.

So Ordered this 28th day of January 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**